IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ASHANTE ISHMAEL WRIGHT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 5:14-cv-00282-TLW |
| MCFADDEN, WARDEN, | ) ) ) |
| Respondent. | ) ) ) |
| _____ | ) |

**ORDER**

Petitioner Ashante Ishmael Wright, an inmate at the Lieber Correctional Institution in Ridgeville, South Carolina, filed this pro se habeas petition pursuant to 28 U.S.C. § 2254 on February 3, 2014. (Doc. #1). Respondent filed a motion for summary judgment on August 5, 2014 (Doc. #35), to which Petitioner filed a response in opposition on September 8, 2014 (Doc. #46). Petitioner also filed a motion to amend his petition and a motion for equitable tolling on September 8, 2014. (Doc. #45, 47). Respondent did not file a response to either motion.

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Respondent's motion for summary judgment and deny Petitioner's motions to amend and for equitable tolling as moot. (Doc. #49). Petitioner filed timely objections to the Report on October 16, 2014. (Doc. #51). This matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends granting Respondent's motion for summary judgment because Petitioner failed to comply with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). The Court has thoroughly reviewed the record in this case, including the time periods set forth in the Report, in the Respondent's Return and Memorandum, and in the state court exhibits that Respondent has filed with the Court. The record reflects that the petition was filed twelve days outside the one-year statute of limitations.

In his motion for equitable tolling, Petitioner asks that the Court toll the statute of limitations because prison officials seized his legal materials for 116 days during prison riots between January and June 2012 and from November 4, 2013 to January 19, 2014. (Doc. #47). The Magistrate Judge concludes that Petitioner is not entitled to equitable tolling of the statute of limitations because "limited access to a prison's law library and lockdowns do not constitute extraordinary circumstances for purposes of equitable tolling." (Doc. #49 at 16).

In his objections, Petitioner argues that the "seizure of his legal materials for 116 days during [the] prison riot in the Ashley Unit" does warrant equitable tolling of the statute of

limitations. (Doc. #51). However, this District has widely recognized that "[p]rison conditions, such as lockdowns . . . , are not normally grounds for equitable tolling." See e.g., Gleaton v. Bush, No. 4:14-cv-890, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014). Petitioner has provided no explanation of how the seizure of his legal materials prevented him from filing his petition by the January 2014 deadline, and the Court finds that he has not shown that he has diligently pursued his rights and that "extraordinary circumstances" prevented him from timely filing his petition, as required by the Supreme Court.[1] See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."). Accordingly, equitable tolling of the statute of limitations is not appropriate in this case, and the petition is untimely. The Court acknowledges that dismissal of a federal habeas petition based on the statute of limitations requires the most careful analysis, but the Court is constrained to apply the applicable law and petitioners are required to file within the mandated time limits.

The Court has carefully reviewed the Report and Petitioner's objections thereto in accordance with the standard announced in Wallace, as well as Lawrence v. Warden of Kirkland Correctional Institution, No. 5:12-cv-03054, 2013 WL 6054486 (D.S.C. Nov. 15, 2013), Coker v. Warden, Lee Correctional Institution, No. 1:11-cv-01842, 2012 WL 3096031 (D.S.C. May 9, 2012), Davis v. Cartiledge, No. 0:09-cv-03218, 2011 WL 441889 (D.S.C. Feb. 8, 2011), and Darby v. Cartledge, No. 8:08-cv-03793, 2009 WL 3525287 (D.S.C. Oct. 23, 2009), and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED**

---

[1] The Court notes that it is not required to accept that Petitioner was denied an opportunity to file a timely petition based on the facts he asserts.

(Doc. #49), and Petitioner's objections thereto are **OVERRULED** (Doc. #51). For the reasons articulated by the Magistrate Judge, Respondent's motion for summary judgment is **GRANTED** (Doc. #35) and the petition is **DENIED**. In light of this disposition, Petitioner's motion to amend (Doc. #45) and his motion for equitable tolling (Doc. #47) are **DENIED** as **MOOT**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings and concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 24, 2014
Columbia, South Carolina